Lightfoot v. Bass.

ELIZABETH H. LIGHTFOOT v. JOHN M. BASS et al.

MARRIED WOMAN. *Separate estate. Power of disposition.* The giving of a power of disposition to a married woman to dispose of her separate estate in a particular mode or for a particular purpose, is not an *express* withholding of all other powers of disposition, in the meaning of the statute of 1869–70.

### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

E. H. EAST and W. G. BRIEN for complainant.

THRUSTON & BRADFORD for defendants.

MCFARLAND, J., delivered the opinion of the court.

The question in this case is the power of Elizabeth H. Lightfoot, a married woman, to mortgage her separate real estate to secure a present loan of money to her husband. The deed conveying the property to Mrs. Lightfoot, contains the following clause: "For the separate use and benefit of Elizabeth H. Lightfoot, and not to be liable for the debts of her husband, and with full power to dispose of it in her life-time by sale or by last will and testament." The question depends upon a construction of the act of 1869–70, Thompson & Steger's Code, sec. 2486 *a. b. c.*

Previous to the passage of said act, the course of decision in this State was, that if upon a fair construction of the instrument creating, the intention of the grantor appears to have been either that the *feme* could not convey at all, or that she should only convey in a particular mode or for a particular purpose, then she could only convey in the mode or for the purpose specified, and not otherwise: *Morgan* v. *Elam,* 4 Yer., 374; *Ware* v. *Sharp,* 1 Swan, 489; *Campbell* v. *Fields,* 1 Cold., 416; *Starnes* v. *Allison,* 2 Head, 221; and see also a review of all the authority in *Young* v. *Young,* 7 Cold., 461.

The question whether a *feme* might convey where the deed of settlement was entirely silent as to the power of disposition, was for the first time decided in *Young* v. *Young,* 7 Cold., 461, where it was held that in such case the deed of the husband and wife in the ordinary form would pass the estate. A contrary decision subsequently made in the case of *Gray* v. *Robb,* 4 Heiskell, has since been overruled by this court. So that previous to, or without the act in question, the law stood thus: If the deed or will making the settlement contained a general power of disposition, of course the power to convey was unlimited without the statute. If it was entirely silent as to the power of disposition, then the power to convey by the joint deed of husband and wife was unlimited. If *all power* of disposition was expressly withheld, then of course there could be no power to convey. If the power to convey in a particular mode or for a particular purpose be in terms given, then a conveyance might

be made in the mode or for the purpose specified, but not otherwise.

Let us then see in what respect the law was changed by the action in question. It is as follows:

"Sec. 1. Married women over the age of twenty-one years, owning the fee or other legal title or equitable interest or estate in real estate, shall have the same power of disposition by will, deed or otherwise, as are possessed by *femes sole* or unmarried women."

"Sec. 2. The power of married women to sell, convey, charge or mortgage their real estate, shall not depend upon the concurrence of the husband, *provided* her privy examination to any deed, mortgage or other conveyance shall take place before a chancellor or circuit judge of this State or clerk of the county court."

"Sec. 3. *Femes covert* or married women owning a separate estate settled upon them for their separate use, shall have and possess the same power of disposition by deed, will or otherwise, as are given in the first and second sections of this act; *Provided* the power of disposition is *not expressly withheld* in the deed or will under which they hold the property."

Thus it is seen that the 3d section confers upon married women owning *separate estates*, the same powers of disposition given in the 1st and 2d sections in reference to other estates; provided the power of disposition be not expressly withheld in the deed or will under which they hold. The powers given in the 1st and 2d sections are the same powers of disposition possessed by *femes sole*, provided privy examination be had in a particular mode.

In those cases where the deed or will creating the settlement contains a general power of disposition, this statute was of course not necessary to give the power; the act, however, in reference to such cases would be effectual to dispense with the necessity of the husband joining in the conveyance, which might otherwise in some cases be necessary. And so, in cases where special powers of disposition are in terms given, the statute was unnecessary for the purpose of giving the. powers in terms conferred.

The act, however, removed all doubt that might have existed in regard to those cases where the deed or will under which the estate was held was entirely silent as to the power of disposition, and we have seen the authorities were at one time conflicting on this point. By the terms of the act it does not apply to cases where the power is *expressly* withheld in the deed or will under which the estate is held. The question is, what is necessary to constitute an *express* withholding of the power of disposition. Of course where in terms *all* power of disposition is expressly withheld there can be no difficulty, or where a power of disposition in a particular mode or for a particular purpose is given, *and it is in terms expressed that the power of disposition shall not exist in any other mode or for any other purpose*, then it would be clear that all powers of disposition except those given are expressly withheld, and hence such powers would not be conferred by the statute.

But how is it where the power of disposition in a particular mode or for a particular purpose is given,

23—VOL. 8.

and nothing said as to whether any other power 'of disposition shall exist; shall such grant of special powers be construed as *expressly* withholding all other powers of disposition, in the sense of the statute?

The statute declares that the power to convey shall exist unless it be *expressly* withheld; that is to say, the intention to withhold the power must be *expressed*, and not left to inference or intendment. In one sense, it is true, any intention to be gathered from an entire instrument may be said to be *expressed* in the instrument; yet there are certain rules of construction and presumption upon which an intention is sometimes arrived at upon the construction of a writing which is not in terms or in language expressed, as for instance, that the expression of one thing is the exclusion of another. The expression of the intention that the grantee shall have the power to convey in one mode, excludes the idea the power shall exist in any other mode; but do we arrive at the conclusion that the purpose was to exclude all powers of disposition except those expressly granted, because such *purpose is expressed* in the sense of this statute, or is inferred or presumed upon the rule of construction indicated, that the expression of one thing is the exclusion of another? Does the statute mean that all the powers of disposition mentioned by its terms shall be conferred, unless these powers are specially or in general terms withheld by the *express* language of the instrument, or does it mean that the giving of the power of disposition in a particular mode shall be construed as *expressly* withholding all others?

We have held in effect that the general language of a deed declaring that the estate shall be for the sole and separate use of the *feme*, and not subject to the debts of her husband, is not equivalent to expressly withholding from her the power to mortgage for the debt of her husband: *Mallory* v. *Clapp*, 2 Lea, 586. The power to thus convey must be expressly withheld, or it is conferred by the statute. In that case, the *feme covert* was held to have the power to mortgage her separate estate for her husband's debt—the deed under which she held neither giving or in terms withholding the power of disposition. In this case the deed under which the complainant claims gives her "full power to dispose of the property in her lifetime by sale or by last will and testament." Shall we hold that the power in the present case is less than in the former case? In short, shall we hold that the power which has been exercised in this case is expressly withheld in the deed under which Mrs. Lightfoot holds the property? We are constrained to hold that it is not. The intention that such a power should not be exercised may be inferred from the general purpose of the settlement, but the power is not expressly—that is in direct terms—withheld, and hence the statute confers the power.

While in one sense every intention to be gathered from an instrument may be said to be expressed, yet the use of the word in this statute seems to mean that the power must be withheld in express terms. Such is the construction we think, after mature consideration, should be given to this statute, although we

have not been without doubt in regard to it. An additional and perhaps a controlling reason for this view is, that it furnishes a more uniform and practical rule and one more easily understood and followed. By the contrary rule, each deed, will or other muniment conveying separate property, containing special powers of disposition, would have to be construed with reference to its particular language, to determine whether all other powers were intended to be withheld, while the construction we have given furnishes a rule less liable to uncertainty.

This renders it unnecessary to consider the question whether the power of sale in the deed includes the power to mortgage to secure a loan to the husband.

The decree must, therefore, be reversed and the bill dismissed.